■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. C. MARK FREEMAN, Appellant.— In a *coram nobis* proceeding, defendant appeals from an order of the Supreme Court, Queens County, dated January 16, 1964, which denied without a hearing his application: (1) to vacate a judgment of the former County Court, Queens County, rendered November 6, 1936 after a jury trial, convicting him of robbery and grand larceny (both in the first degree), and imposing sentence; and (2) to vacate a judgment of said County Court, rendered September 18, 1957, resentencing him *nunc pro tunc* to the same term which had been imposed upon him originally. The judgments were previously

affirmed by this court (250 App. Div. 874, 6 A D 2d 879). (For other related appeals, see 13 A D 2d 975, 19 A D 2d 778.) Order affirmed (see *People* v. *Weiss*, 20 A D 2d 572). On the court's own motion, the order of this court dated April 6, 1964, as amended and resettled by order dated May 25, 1964, is vacated; and defendant's motion for a free transcript of the stenographic minutes of sentence of his codefendant, Alfred Walton, is denied. It does not appear that Walton who, with defendant, was sentenced on November 6, 1936, appealed from the judgment of conviction or that the minutes of the proceedings pertaining to his (Walton's) sentence were ever transcribed. In the absence of an appeal by Walton, the stenographer was neither required to transcribe the minutes relating to his sentence (Code Crim. Pro., § 456), nor to retain them for more than two years (Judiciary Law, § 297). The minutes with respect to this defendant (Freeman) who did appeal, were transcribed and filed; and, at least since 1962, he has been in possession of the entire available transcript of the minutes of the proceedings on sentence. Beldock, P. J., Ughetta, Kleinfeld, Christ and Brennan, JJ., concur.